UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE,

    Plaintiff,

       v.

STAVERNE Y MILLER,  et al.,

    Defendants.

Civil Action No. 25-30173-MGM

MEMORANDUM AND ORDER
(Dkt. Nos. 2, 3, 4, and 6)
June 11, 2026

MASTROIANNI, U.S.D.J.

## I.  INTRODUCTION

Plaintiff Jane Doe ("Plaintiff"), proceeding *pro se* and anonymously, initiated this action by filing a complaint, an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), a motion to proceed under a pseudonym, and a motion to seal documents. (Dkt. Nos. 1 – 4.) Plaintiff subsequently filed a motion for leave to file electronically *pro se*.  (Dkt. No. 6.) Plaintiff's true name does not appear on any of the pleadings.

For the reasons set forth below, the court denies without prejudice Plaintiff's Application, motion to proceed under a pseudonym, motion to seal documents, and motion for leave to file electronically *pro se*.

## II.  THE MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's Application (Dkt. No. 2) is DENIED WITHOUT PREJUDICE as incomplete. Under the federal *in forma pauperis* statute, a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  One does not have to be "absolutely

destitute" to proceed *in forma pauperis. Makarevich v. Sanofi,* No. CV 25-12543-IT, 2026 WL 491517, at *1 (D. Mass. Feb. 23, 2026) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, the litigant must show she cannot pay the filing fee "and still be able to provide [her]self and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotation marks omitted). "In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) (internal quotation marks omitted).

In the Application, which Plaintiff signed under the penalty of perjury, she represents that her only source of income is disability benefits on behalf of one of her two children. For the first part of Question 3 concerning income, she answered Question 3(d) by checking the box to indicate receipt of disability benefits, but did not answer yes or no to the remaining five questions. She states that she has monthly expenses for rent and utilities. Plaintiff's monthly income cannot fully cover these expenses, and she has not provided any information regarding how she affords her basic life expenses. Without such information, the court cannot evaluate whether she may proceed *in forma pauperis*.

If Plaintiff wishes to proceed without prepayment of the filing fee, she must file a new Application in which she provides this court an explanation as to how she is able to afford her basic life necessities. She must report, among other things, whether family or friends pay for her living expenses or provide her with tangible goods. Plaintiff must complete a new Application and must, as necessary, supplement the form with additional relevant information, including any financial support she receives from others.

### III.    PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).   The court may "dismiss a complaint on its own motion for failure to state a claim upon which relief may be granted." *Carlsen v. Carlsen*, Civil Action No. 11-11119, 2011 WL 2632260, at * (D. Mass. July 1, 2011) (citing *Gaffney v. State Farm Fire & Cas. Co.,* 294 F. App'x 975, 977 (5th Cir. 2008)).

It is apparent that the complaint fails to state a claim upon which relief can be granted. Plaintiff's one-page, unsigned complaint does not contain any factual allegations.  (Dkt. No. 1 at 1.) The case caption identifies the defendants as the Commissioner of the Massachusetts Department of Children and Families ("DCF"), a DCF social worker, a DCF supervisor, DCF program manager, a DCF hearing officer, and DCF regional counsel. (*Id.*) The complaint is brought pursuant to 42 U.S.C. § 1983 for the alleged violation of her due process and equal protection rights. (*Id.*) She alleges that Defendants "subjected her to unequal treatment" and "deprived her of liberty and property interests in her reputation, career, and family integrity." (*Id.*)  For relief, she "seeks compensatory and punitive damages, declaratory and injunctive relief, costs," and other relief the court deems appropriate. (*Id.*)

Here, the complaint does not give adequate notice to Defendants of the nature of the factual bases of the claims against them, and Defendants cannot respond to a complaint without factual allegations.  To state a claim upon which relief can be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's claims fail because they have no supporting factual allegations and therefore do not satisfy

the basic pleading requirements of Rule 8(a)(2). Although the court must construe the complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). Plaintiff will be granted an opportunity to amend her complaint and cure the pleading deficiencies of the original complaint.

### IV.    MOTION TO PROCEED UNDER A PSEUDONYM

To the extent Plaintiff seeks to proceed under a pseudonym (Dkt. No. 3), such request is denied. While "[a] writer is free to assume a nom de plume[,] . . . as a rule, litigants in federal court must publicly reveal their true names." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 63 (1st Cir. 2022). Plaintiff fails to show that this is an "exceptional case[]" warranting pseudonymity. *Id.* at 67 (internal quotation marks omitted). To determine whether a case is "exceptional," the court must apply a "totality of the circumstances" test, balancing "the interests asserted by the movant in favor of privacy against the public interest in transparency," and assessing whether the case fits within four non-exhaustive "paradigms" that ordinarily warrant pseudonymity. *Id.* at 70-72 (internal quotation marks omitted). Those paradigms include: (1) cases in which an individual reasonably fears identifying themselves will cause them unusually severe harm; (2) cases in which an individual reasonably fears identifying themselves will harm "innocent non-parties"; (3) cases in which anonymity is required to prevent a chilling effect on future litigants who may be similarly situated; and, (4) cases that are related to a prior proceeding that is made confidential by law. *Id.* at 71-72.

In support of her request to proceed under a pseudonym, Plaintiff states that "[t]his case arises from sensitive and deeply personal matters concerning Plaintiff's family, reputation, and minor children." (Dkt. No. 3.) She further states that "[d]isclosure of Plaintiff's identity on the public docket would expose her and her children to stigma, harassment, and unwarranted intrusion into their private

4

lives." (*Id.*) However, these conclusory statements, without more, are insufficient to overcome the presumption in favor of disclosure.   Plaintiff does not adequately justify a deviation from the standard that court cases are public events, and the harm alleged is speculative and insufficient to justify pseudonymity. Accordingly, she will not be permitted to proceed under a pseudonym and the court denies the motion without prejudice to filing another motion with any amended complaint. In any such motion, Plaintiff may request to seal certain exhibits, and she must address why her request to proceed under a pseudonym should be granted in light of the factors listed in *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th at 71-72.

### V.   MOTION TO SEAL

To the extent Plaintiff seeks to seal certain exhibits (Dkt. No. 4), such request is denied without prejudice to refiling such motion with any amended complaint.  Any new request seeking to file certain information under seal must be limited to specific, sensitive information rather than entire documents. This is to allow for redaction of public filings.  Such motion must articulate a compelling reason for sealing any portion of the documents and proposing specific redactions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also United States ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 69 F.4th 1, 15-16 (1st Cir. 2023); District of Massachusetts Local Rule 7.2.[1]

### VI. PLAINTIFF MAY FILE AN AMENDED COMPLAINT

Because the current complaint fails to allege facts sufficient to state a claim upon which relief may be granted, the complaint is subject to dismissal.  However, the court will permit Plaintiff to

---

[1] This court's Local Rule 7.2 sets forth the process for having confidential information impounded or filed under seal.  Section 7.2(a) provides in pertinent part: "Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court. The impounded material will be scanned and docketed in CMECF and restricted from public access."

amend her complaint. The filing of an amended complaint completely replaces the original complaint. *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011). If Plaintiff fails to file an amended complaint in accordance with the instructions set forth herein, this action will be dismissed.

To the extent Plaintiff wishes to proceed, she must file an amended complaint. Any amended complaint must comply with the pleading requirements outlined in the Federal Rules of Civil Procedure. An amended complaint shall: (1) provide a jurisdictional basis for the claims in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure; (2) include a demand for judgment for the relief sought as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; and (3) fully describe the incidents as well as each Defendant's conduct. The case caption must clearly name each and every party. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Finally, Rule 11 of the Federal Rules of Civil Procedure clearly provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also* District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other documents shall be applicable to all documents filed in any proceeding in this court."). Here, Plaintiff failed to sign the complaint, the motion to proceed under pseudonym, and the motion to seal.

### VII. CONCLUSION

For the reasons set forth above,

1.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) is DENIED WITHOUT PREJUDICE to filing a new Application as set forth above.

Plaintiff must, on or before **July 9, 2026,** file the new Application or pay the $405 filing fee. Failure to do so may result in dismissal of this action.

2.      Plaintiff's motion to proceed under a pseudonym (Dkt. No. 3) is DENIED WITHOUT PREJUDICE to Plaintiff's filing another such motion along with any amended complaint.

3.      Plaintiff's motion to seal (Dkt. No. 4) is DENIED WITHOUT PREJUDICE to refiling such motion with any amended complaint.  Any new request seeking to file certain information under seal must be limited to specific, sensitive information rather than entire documents, so as to allow for redaction of public filings.

4.      Plaintiff's a motion (Dkt. No. 6) for leave to file electronically *pro se* is DENIED WITHOUT PREJUDICE.

5.      If Plaintiff wishes to proceed in this matter, she must file an amended complaint which sets forth a plausible claim upon which relief may be granted and complies with the Federal Rules of Civil Procedure on or before **July 11, 2026.**  Failure to comply with these directives will result in the dismissal of this action.

   It is So Ordered.

                /s/ Mark G. Mastroianni
                MARK G. MASTROIANNI
                United States District Judge